LOTTINGER, Judge.
This is an appeal by the defendant-plaintiff in reconvention, Benedict & Myrick, Inc., from the granting of a partial summary judgment as to one allegation of the recon ventional demand. Plaintiff, National Safe Corporation, sued for money due and owing on merchandise sold to the defendant. Benedict & Myrick, Inc. answered and reconvened alleging, in part at paragraph 11 of the answer and recon ventional demand, that plaintiff had induced an employee of the defendant to leave its employ as follows:
“Benedict & Myrick, plaintiff in recon-vention, further alleges that the arrangements made by National Safe to induce Sibley to leave the employ of Benedict & Myrick while both National Safe and Sib-ley were still under contract to Benedict & Myrick was an active breach of their contract, which by its nature obligated both parties to fair dealing with the other and this action has caused damage to Benedict & Myrick through the loss of future business of not less than FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00).”
The trial judge granted a partial summary judgment “dismissing the claim or claims set out by Benedict & Myrick, Inc., as Plaintiff in reconvention, as more particularly stated in the Answer in [sic] Reconventional Demand, paragraph 11, * * * ”.
The appellant basically argues that there is a genuine issue of material fact, and the trial judge was in error in following Roussel Pump & Electric Co. v. Sanderson, 216 So.2d 650 (La.App. 4th Cir. 1968).
Though there may be factual issues involved as to whether National Safe induced defendant’s employee, Sibley, to leave the employment and conceding all of the facts in favor of defendant, i. e. National did induce the employee to leave the defendant’s employment, we find no clause within the contractual agreement previously existing between plaintiff and defendant prohibiting such an activity. Thus, since this action cannot be brought in contract, it must be ex delicto.
Louisiana does not recognize as a tort the inducement of the breach of an employment contract. Roussel Pump & Electric Co. v. Sanderson, supra, and the cases therein cited. Appellant argues that Louisiana is one of two states that still adheres to this outdated rule, and thus, since we are out of step with the rest of the nation, this court should change this rule.
*171 The change of this rule is properly left to our Supreme Court. Johnson v. St. Paul Mercury Insurance Company, 256 La. 289, 236 So.2d 216 (1970).
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.